In the case of People v. Kip Gooch, we have Mr. Brian Drew for the appellate and Mr. Patrick Daly for the affiliate. You may begin, Mr. Drew. May it please the Court. Counsel. This appeal stems from a plea on behalf of the defendant, Mr. Gooch, of which I was not a part of. Myself, Brian Drew, and my office came into this case at a later time than what was taken in the appeal at this point in time. As it relates to that, his plea agreement, there was a dismissal of other charges as it related to the plea agreement itself. Which resulted in, in essence, an open plea as to the one count of criminal sexual assault, a class 1 felony, with a sentencing range of 4 to 15 years. And that was on August 29, 2011. The State has asserted that, and filed a motion which was denied by this Court, but as it is in their brief concerning the ability to be here, we would argue that it falls under the exception of not having to withdraw his actual plea itself because there was no contemplation at all in the plea agreement of any actual sentence. No path, no guidelines, no set. That it is, in fact, exactly as it is set forth in People v. Lumsey. And that is, that in fact it is an open plea as it relates to that count. Therefore, we believe it is properly before this Court and that the Court has a right under the Supreme Court rules to now look at the sentence of the defendant in this case. And to determine whether or not the Court had breached the standard of review. As it's clear, the abuse of discretion is the standard as set forth in multiple cases cited in this Court, both Merrick and Stacy. And that is greatly in variance with the spirit and purpose of the law are manifestly disproportionate to the nature of the offense. We would assert that the four to 15 year range was what was set out for the defendant that he was sentenced to 12 years, which is three years shy of the maximum, under the circumstances of what he could have been sentenced to under the terms of his plea to this count. The counsel at the sentencing hearing asserted that mitigation factors the court should have considered were factors 7, 8, 9, and 11 under 730 ILCS 5 slash 5 S3.1. We would assert to the court that the trial court did, in fact, only look at mitigating factor number 6 and cited it as the only mitigating factor that the court found as it relates to that. Our argument would be that paragraph 7 would be an appropriate mitigating factor. And that history of delinquency, while he does have a misdemeanor conviction, it was 15 years prior to this case that it is an actual positive factor, not an aggravating factor as he has no prior felony history, no violent types of circumstances, nor pleas at that point in time. And we believe that that should actually be a factor of mitigation as it relates to his sentence. And we also believe that section 8 of the mitigating factors would also have applied and should have been taken into consideration by the court in that they are under a set of circumstances unlikely to reoccur. This was the defendant's child that is at issue in this case as a result of the criminal charges. We would assert that based on the additional tests and the scales and assessments that were done pursuant to statute of the defendant, that it shows that not only was this a isolated circumstance involving one child, that this is not something that is an endemic thing involving multiple children. Not to diminish the harm done to the one child, but simply to say as it comes to sentencing, to ascertain how that is to be done. Had the child been removed from the home at the time of sentencing? I believe the child was in the care of her mother at that point in time and that he had no contact with the child at that time. And my understanding, things had been placed in effect that he would have no contact with that child and had no contact. It's my understanding from a review of the circumstances already, the record's not terribly clear as of release. Because one of the arguments is that his family needs him. And he has the balance of six children, so he has the balance of others. That's why I was asking if the child whose vagina he was into was in the home. They were all together at the time this took place, but at the time of the sentencing hearing, they were separated and they were not in the home at that point in time. So his family, he wouldn't have lived with the family anyway? Well, I think with the other children, they still would have had the support of him. His needed support, both financially, emotionally, and otherwise, as to children that he had not. I think it would have been left in the court's discretion as to whether or not, obviously, he would have been allowed to have contact at what time with the other children that he did not harm. And certainly, while it's not in the record, I think we could assert that a parental figure who has not harmed a child, that it's good to have that parental figure in their life in some manner, even if it's in the capacity of a supervised situation or how it is. But the other children did lose out on that, granted through the own actions of the defendant himself, but certainly I believe the court could have taken into consideration the negative effect on the other children of whom he had raised and there was no allegations of any harm, even any detriment at all to them as it relates to directly harming them under the circumstances or that he had not raised them up to that point in time. As it relates to the mitigating factor, the rehabilitation, the Abel and Becker Cognition Scale, the Carrick-Atkerson Victim Empathy and Remorse Self-Report Inventory, the Static 99 Actuarial Risk Assessment, as well as the psychologist report, all cited the defendant as being a low risk, that people in his scale and his falling on the test pattern showed a 0.05% over five years of reoffending and a 0.11% over ten years. That is in the general populace of individuals who scored on these tests in that range and a review of their actions at a later time. So we would assert that while he accepted his remorse, he accepted his responsibility, he did not force the victim in this case being KG to come to court, testify to go through the ordeal again, that he accepted his guilt, he accepted the wrong he had done, showed sufficient remorse and did in fact stand before the court acknowledging the errors in the acts that he had done. And we believe that should be taken into consideration in asserting and looking at what is an appropriate sentence in range under the circumstances. Certainly the court did take into consideration paragraph 6, which was that he would be compensating there was a fund set up because there were two other children who died in a car accident and there was funds from that and from that support is being paid to the other children out of that fund at that point in time. But certainly that is a separate fund set up for different circumstances that certainly were the defendant out working there would be additional support and finances that he could provide and things to provide to the other children that they had lost out on. We would assert to the court that concerning the case of Peoples v. Evangelista, which is a second district case, in that case the sentence for the defendant was nine years for the residential burglary, which is the same sentencing range for 15 years. Mr. Drew, what about the state's argument that this was a partially negotiated plea and they gave up two counts in order to induce him to plea and they would have been, those sentences would have been served consecutively? I understand the state's argument as it relates to that. I think we would look at, and I'd ask the court to look at the Lumsey case, Peoples v. Lumsey being a Supreme Court case, and assert that in that as it relates to the plea itself, there are factors in which you have to withdraw your plea of guilty and there are four distinct plea scenarios which can occur when a defendant pleads guilty. Certainly there's a fully negotiated plea whereby there's an agreement on sentence, a dismissal of charges, and that is not the case here. Certainly another one is that other charges are agreed to be dismissed and a recommended sentence not to exceed an agreed upon cap, which is not the circumstance here either. And then there's simply the blind plea as to the count that exists. And in this case, I believe our case is analogous with the scenario where there's a plea bargain, but the dismissal of the other charges would not require the defendant to refile a motion to take back his guilty plea for his court to consider the sentence, as we would assert that it is analogous to an open plea because under the circumstances, the sentence that took place as it related to this count was simply an open plea. There is nothing on the record. The record is silent as it relates to it in any way, shape, or form. Any facts stating that he was offered any sort of a sentencing cap, any sort of a guideline range, any sort of anything other than an open plea to the Board of 15. I believe that the dismissal of the other charges, while it is something that the State would have had a right had he withdrawn his plea, I would argue that I believe it is not an impediment and that this case is factually distinguishable from the one cited by the State, citing that there should be no right for the Board unless it takes back its entire guilty plea. I will acknowledge under the circumstances that in fact, yes, there were other charges that would have, by statute, been dealt with by being sentenced consecutively. Not concurrently, I believe by statute, it would have been required to be consecutively. But as that, I believe that is an inducement to get the plea in and of itself, and the State got its portion of the bargain for a lack of a trial at that point in time. But I think from a purely procedural standpoint, as it relates to this, the lack of any assertion as it relates to the specific sentence or any guideline or anything, I believe the plea does not require the defendant to go back and in fact ask to take back the entirety of his guilty plea prior to asking this court to ascertain whether or not the sentence in and of itself was excessive under the circumstances. Respectfully, the defendant would request this court to review his criminal history and assert that the trial court failed to take into consideration the proper mitigating factors as it relates to deciding what is a fair, just, and appropriate sentence under the circumstances. The defendant would assert that the trial court itself did in fact manifestly impart a disproportionate sentence as it relates to the nature of these offenses by sentencing him to the 12-year period based on the mitigating factors that I have set before this court. I respectfully ask the court to look at the evangelistic case as well as others where an individual with very limited or no criminal history whatsoever scoring, and in this case scoring very as a low reoccurrence risk, that certainly below the midpoint of what is the middle range of a case is more appropriate in these circumstances based on the fact of the client's criminal history and all the mitigating factors that we have set before this court. Thank you. Thank you, Mr. Gould. Mr. Daly, you have the floor. Thank you, Mr. Court. Counsel. Quick scribble in there, correction, on page 103. I acknowledge that the argument raised in people's moment is hidden reason, and I call the motion for supervisory in relation to the motion for... What page are you on? Page 1, it should be motion for a summary order, not supervisory. Is the defendant correct that the state did file in this case a motion for summary order on the basis of Evans, Linder, Lumsey, the line of cases regarding the necessity of filing the first line of motion in the child guilty plea? We reassert that issue here. Of course, denial of that raised too high, and we want to at least preserve the issue. In this case, the defendant was charged in three counts, two counts of predatory criminal sexual assault, one count of criminal sexual assault. They were alleged three separate physical acts, and therefore would qualify for individual convictions and sentences. So the defendant was looking at essentially three consecutive sentences, one for each of the predatory criminal sexual assault, each of which would run consecutive to each other, and consecutively to the criminal sexual assault charge. Those were class X felonies which carry with them a sentence of at least six years and up to 60 if they're extended term sentences apply. So the dismissal of the two charges, in my recollection of the plea hearing, was that the agreement to plead guilty to the criminal sexual assault charge, and the opening that was made in exchange for the dismissal of those two charges, so it's certainly a factor in the negotiation process, was a surrender to the state of its right, absolutely unfettered right, and subject to no discretion by the court, of a minimum of 12 years of sentencing, up to 120. I'm not saying the defendant would have gotten 120, but he certainly would have gotten 12, and that is a statutory fact if he had been convicted of a trial of three offenses. So, Lumsey does talk about the different situations, and I acknowledge that it does treat open pleas as something where there's not a need for the defendant to file a motion to withdraw a guilty plea as a conditioned precedent to appeal. However, in this case, given the nature of the mandatory consecutive sentences in which the state surrendered, Lumsey acknowledges that when the state's sentencing range is modified or constrained in a way that it loses the right to argue for something that is entitled to do so, that constitutes a partially negotiated guilty plea, and that invokes Evan's linear rule of the need for a post-trial motion to withdraw guilty. The complicated factor in this case, and we acknowledge, is that the court did not admonish the defendant under Rule 605 of the need to file a motion to withdraw a guilty plea admonished. He may file a motion to either reconsider a sentence or withdraw a guilty plea. Obviously, under our formulation of the record in this case, and in the condition necessary for the filing of a motion to withdraw a guilty plea, that was an incorrect admonishment. So we would initially begin this case by asking this court to dismiss this appeal and remand with directions for the defendant to be properly admonished under Rule 605 of the election whether to withdraw the guilty plea or not. Given the type of instruction given by the court, it's not surprising the defendant may have chosen to pursue the motion to reconsider a sentence. With regards to the issue regarding whether the court views its sentencing discretion, courts are given considerable deference in their sentencing decisions. This court has to grant that particular discretion because the court's in a superior position to heard the case,  but the defendant correctly states the standard in that that really modification of the sentence is permissible only under the circumstance where the sentence given is a greatly invariant to the spirit and purpose of the law and the unforeseen disproportionate nature of the offense. There's also law which states that when a sentence falls within the sentencing range, that there's a heightened sense of deference to the court's sentencing position with regards to the appropriateness of the sentence. In this case, the sentence range from class 1 to 4 to 15, the defendant received a 12-year sentence. I agree with the defendant that the defendant's criminal history was not significant. I think, however, if you look at the record received in court, I think pays as much attention to that as it probably warrants on its face. It's a record. There's some criminality. It's old. I don't think that you can draw from the court's comments that it was a primary motivating factor for the imposition of the sentence. What I do think were the primary motivating factors to the court's imposition of the sentence were, well, a lot of which would have read in the sex offender evaluation report. It showed a pattern of criminality with regards to the defendant and this minor going back to when the minor was 8 to 9 years old. It was an ongoing thing. There was an argument somewhat to the effect of, well, this wasn't really, it was more of a one-time thing. It really wasn't when the court correctly assessed that. And that's a fact that's properly within the purview of the court in determining not only the appropriateness of the sentence and the need for a deterrence, but also, you know, the court is not bound, hide, and care to a report of the likelihood of recidivism. And certainly the court can look at that pattern over the course of years and come to those proper conclusions. The defendant, excuse me, the victim in this case gave a very moving and emotional victim statement describing the harm that she suffered, the harm that the family suffered as they were forced to choose sides, as often unfortunately happens in these types of cases where there's these allegations being made. The psychological trauma that the defendant endured while the defendant was sexually abusing, sexually assaulting her to the point that, you know, if you tell anyone what's going on, you know, you're going to destroy the family. You know, it's unfortunately the classic case of you shut out and it's going to be your fault what happens next. For a child to endure that and have to suffer in silence for all that time is certainly a heavy factor for the court to consider. And the defendant is, nonetheless, whatever the report says, diagnosed with pedophilia. And that's something the court has to take into consideration as well. I don't agree with the defendant that the court did not take into consideration all factors in the Aggravation and Mitigation Court. It made explicit references to factors in Aggravation and Mitigation, and in its discretion it shows which it found to be relevant and which not relevant. With regards to the support of the family, just as Kate alluded to somewhat earlier, the court noted that the defendant received a substantial settlement in a lawsuit. So, therefore, the funds were there in order to take care of the family. But I would also note, on top of that, that there was record in the divorce case that the defendant had moved prior to sentencing to terminate the child support, prior to being incarcerated. So, it's a little disingenuous, I suppose, to argue that we have to be concerned about the defendant's great responsibility and care for the children when such an action takes place. I'm not going to argue that's a dispositive act that should guide this court to affirm, but I do think it places some sort of factual context about how that particular mitigating factor should be considered. And I think that the court's consideration is appropriate in that circumstance. The court didn't take judicial notice of that divorce record. We don't have it here, but there's been no dispute about the accuracy of the court's statements in that regard. And that's really all I have. The record is not very long. I think you're going to find that the court considered all things, but the gravity, the seriousness of the harm, excuse me, I don't want to say that, but the ongoing nature of the harm that was suffered by the victim and the circumstances under which there's a need for deterrence and the fear of symbolism, I think, are extremely strong and relevant factors which would make the court's ultimate disposition in 12 years, which is well within the statutory guidelines, completely appropriate and immune. I ask this court, even if it chooses not to dismiss this appeal, to affirm the defendant's harm. Thank you. Thank you, Mr. Daly, Mr. Drew. Thank you both. Oh, you've got an opportunity. Roboto? Briefly, just I'll address the one issue that the State did. Certainly. Again, I apologize, but I'll be brief. As it relates to that, I would just assert to the court that in the Supreme Court case of the People v. Lumsey, that the exact, very exact fact scenario where a defendant with other charges were dismissed and a plea, an open plea was made to another count, that the Supreme Court stated that it would be unnecessary to force a bright-line rule that they have in this, as the Supreme Court's raising. They say places meaningless procedural obstacles in the path of an appeal. And the Supreme Court reasoned it out, I believe, that in fact that because the State got his part of the bargain, which was they got a plea, and he pled to an open plea to a count, and the defendant got his part of the initial bargain, which was that, by asking to reconsider the sentence, there was no agreement as it relates to that. So that was open to the trial court to do as the trial court pleased, and we had no agreement on that. So therefore, under the contract principles, we believe that that would be appropriate. I will- Could you have a cite on Lumsey? Or is it in your- It's in there. I didn't see it. It's in there, but I have it here. Save me the time. It's in there. What? It's in there. Oh, it's in here? Yes. It's 730 Northeast 2nd 20. And it's March 23, 2000 in the Supreme Court case. Thank you. Thank you for your time. Thank you, Mr. Drew. Thank you, Mr. Daly.